## Drouhard v. Drouhard
*[Cite as 2 AOA 259]*

Case No. CA-937
Ashland County, (5th)
Decided March 5, 1990

R.C. 3111.03
Civ. R. 60(B)

For Plaintiff-Appellant: Charles A. Kennedy, Kennedy, Cicconetti & Rickett, 558 North Market Street, Wooster, Ohio 44691.

For Defendant-Appellee: Philip H. Shafer, Gongwer & Shafer, 10 East Main Street, Ashland, Ohio 44805.

PUTMAN, P.J.
This is an appeal from a judgment entry of the Court of Common Pleas of Ashland County partially vacating a 6 1/2 year old divorce decree for the limited purpose of having the ex-husband and ex-wife and all three minor children submit to HLA blood group testing for the purpose of determining the paternity of the children.

That order clearly affected substantial rights of the three children. None of them were joined as parties nor was a guardian ad litem appointed for them. That reason standing alone warrants reversal. However, we move to the merits of the application for relief from the judgment.

The affidavit filed in support of the motion for relief from judgment under Civ. R. 60 stated no facts or claims that were not known to the moving party at the time of the original divorce proceedings except the subsequently developed technology with respect to HLA blood group testing. It is undisputed that the ex-wife was pregnant when the parties married, and all three children were born during wedlock. It is not necessary to repeat the details of the accusations in this case, because the moving party made oath that there were quarrels over the issue of paternity before the divorce proceedings.

A trial court has broad discretion to vacate its judgment upon the basis of fraud where it actually appears based upon sufficient underlying objective facts.

We find no such facts to exist in the record of this case. We find no such evidentiary basis in this record. It is clear that the dispute over paternity predated the divorce. The claim of fraud in respect thereto was not raised in court until 6 1/2 years after the divorce decree and at a time after the ex-husband was being proceeded against being $20,000.00 in arrears for child support.

The claim that it is "in the best interests of the children" to find out the truth about who their parents really are is a matter that, like beauty, may differ depending upon the eye of the beholder. It is a judicial inquiry inappropriate in a proceeding to which the children are not a party and where no guardian ad litem has been appointed for any of them. The substantial rights of the children are involved including, but not limited to, the right to inherit.

This Court of Appeals has previously addressed the problems of Civ. R. 60 in this context and particularly in the absence of joinder of the children or appointment of a guardian ad litem. See *Sims v. Sims* (July 24, 1989), Muskingum App. No. CA-88-37, unreported, involving a Civ. R. 60 motion four years after the judgment, copy attached.

We move now to a disposition of the formal assignments of error.

I

The claim that the motion had not been filed within a reasonable time is well taken, and that assignment of error is sustained in the sense that no facts exist warranting the delay of 6 1/2 years given the nature of this particular claim and the factual claims alleged to underlie it.

II

As previously stated, there are insufficient new concrete facts to justify re-opening the judgment in this particular record. Although it is not difficult to imagine a case of actual fraud newly discovered after 6 1/2 years or longer, there is no factual support for that claim in this case. We re-state this is not a newly discovered quarrel. This is an old ground of marital discord pre-existing the divorce. No new facts relative to fraud in connection therewith were articulated or proved.

III

We overrule the third assignment of error. The defense is conceptually meritorious. There are no facts to support its application in this case.

IV

Case law is not clear that separate written findings of fact from conclusions of law pursuant to Civ. R. 52 must be filed in the determination of a Civ. R. 60 motion. It is not appropriate to attempt authoritatively to determine this issue on this record. At best, this assignment of error is moot because the trial court erred in granting the ex-husband's Civ. R. 60 (B) motion. See *Smith v. Clemons* (August 8, 1984), Summit App. No. 11609, unreported. The reason is there are simply no facts to warrant relief even if the trial court believed all the testimony favorable to the moving party. We presume upon review that he did so in any event.

For the foregoing reasons, the first and second assignments of error are sustained, the third and fourth are overruled, and the judgment of the Court of Common Pleas of Ashland County is reversed.

*Judgment reversed.*

MILLIGAN, J. and
HOFFMAN, J. Concur.